No. 3770.—Mrs. A. LeBlanc, Wife, etc., v. Mrs. R. Dayries and Husband et al.

Where a judgment of separation of property has been executed or partially executed by the husband giving to the wife in payment thereof certain real estate within a reasonable time after its rendition, a creditor of the husband can not maintain a seizure of the property thus given in payment or part payment of the wife's judgment of separation, on the ground that such judgment is void for want of prompt execution thereof. In such a case the wife having established the validity of her judgment, and her title to the property, which she acquired from her husband in payment thereof, is entitled to an injunction to stay the sale of her property in payment of her husband's debts.

APPEAL from the Seventh Judicial District Court, parish of Pointe Coupee. *Miller, J.  A. L. Mohondeau* and *O. R. Schmidt,* for plaintiff and appellant. *Collins & Leake,* for defendants and appellees.

HOWELL, J.  In May, 1866, the plaintiff obtained judgment against her husband, J. D. Lacour, for separation of property and the sum of over $14,000. Soon afterward it was credited with the sum of $5700, amount of a notarial transfer of certain lands by the husband to the wife in part satisfaction thereof. In March following the husband made another notarial *dation en paiement* of certain notes and movable property in further satisfaction of said judgments. Among said notes was one made by Mrs. C. M. Lacour as principal and O. Lejeune, Jr., as security *in solido* for $1100, secured by mortgage. The note was lost or destroyed, and the maker gave an acknowledgment thereof to the plaintiff, Mrs. A. Lacour, with a confession of judgment in her favor. On this instrument a writ of seizure and sale was taken out in the name of J. D. Lacour the husband, whereupon the defendant, Mrs. Dayries, caused a seizure thereof to be made by the sheriff under a *fi. fa.* against said J. D. Lacour, and the plaintiff enjoined the sale, claiming to be owner of the property seized, and from a judgment against her she has appealed.

The first ground urged by defendant for affirming the judgment is that the judgment of Mrs. Lacour against her husband is a nullity for want of prompt and *bona fide* execution, as provided by article 2428 R. C. C.

The record does not sustain this position. Within a month of its rendition this judgment was partially satisfied, as shown by the credit thereon. This is not assailed. The next proceeding was the transfer, in March following, 1867, about ten months after the date of the judgment, of the notes, etc., including the claim in controversy. These two acts are authentic, and were duly recorded, and they seem to have been a timely execution of the wife's judgment by the payment, in that mode, of her rights and claims, as far as the estate of the husband could meet them. R. C. C. 2428. It was not until more than a year after the date of the second act, and after the attorney had by mistake, as he states in the first petition of injunction brought suit on the claim

in question in the name of the husband, that the defendant endeavored to enforce her judgment against the latter.

The second and third grounds are that the note in dispute was never delivered to Mrs. Lacour and notice thereof given to the debtor.

The instrument on which the writ of seizure and sale was issued, on the petition of the husband, shows that the note belonged to the wife and notice thereof had been given to the maker, for she therein confessed judgment in favor of the wife.

We think the plaintiff has satisfactorily established her ownership of the property seized by the defendant and her right to a perpetual injunction, with one hundred dollars for attorney's fees as damages.

It is therefore ordered that the judgment appealed from be reversed, and that plaintiff be decreed to be the owner of the property seized in the suit of Rosa Porche v. W. L. Brown et al., No. 505, and that the injunction herein be perpetuated, and said Rosa Porche, wife of Edward Dayries, be condemned to pay plaintiff one hundred dollars damages with costs in both courts.